

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00036-CR
_____

PAUL GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2016-1357-C1; Honorable Ralph T. Strother, Presiding

August 15, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pursuant to an open plea of guilty, Appellant was convicted of possession of methamphetamine with intent to deliver in an amount of four grams or more but less than 200 grams, committed in a drug-free zone.[1] He was sentenced to twenty years

---

[1] TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(d), 481.134(c) (West 2017).

confinement. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw.[3] We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review.[4] *In re Schulman*, 252 S.W.3d at 408. By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[3] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Tenth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

BACKGROUND

Appellant was charged with possession with intent to deliver methamphetamine in a drug-free zone. At the plea hearing, the prosecutor announced that Appellant declined an agreed-to sentence and the State would no longer be waiving the drug-free zone punishment enhancement. The trial court found sufficient evidence to support Appellant's guilt and requested preparation of a presentence investigation report (PSI).

During the period in which a PSI was being prepared, Appellant was out on bond. He failed a drug test during the PSI process and when his first punishment hearing was called, he did not appear, resulting in the forfeiture of his bond.

At a subsequent punishment hearing, Appellant's signed *Stipulation of Evidence and Judicial Confession* was admitted into evidence. His mother and his employer testified during the sentencing phase that if Appellant was granted community supervision, they would assist him in satisfying the conditions. Following the testimony of the witnesses, the trial court found him guilty as charged in the indictment and sentenced him to twenty years confinement.[5]

---

[5] In signing the *Trial Court's Certification of Defendant's Right of Appeal*, the trial court correctly checked the box indicating the criminal case "is not a plea-bargain case, and the Defendant has the right of appeal." However, a hand-written notation was inserted indicating that Appellant could appeal only "his sentence." An open plea of guilty, such as the one entered into in this case, with no agreement as to punishment and with no consideration given by the State for any waiver does not limit a defendant's right of appeal under Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. *See Diaz v. State*, No. 10-15-00324-CR, 2016 Tex. App. LEXIS 9220, at *5 (Tex. App.—Waco Aug. 24, 2016, pet. ref'd) (mem. op., not designated for publication). *See also Solis-Caseres v. State*, No. 09-13-00580-CR, 2015 Tex. App.—LEXIS 2046, at *20-21 (Tex. App.—Beaumont March 4, 2015, no pet.) (mem. op., not designated for publication). *Cf. Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (holding that an open plea resulting from a charge bargain—agreement to dismiss another charge or not prosecute an available charge—is a plea bargain affecting punishment and the right to appeal is limited as described in Rule 25.2(a)(2)).

ANALYSIS

By the *Anders* brief filed in this proceeding, counsel evaluates the different phases of the proceedings and the applicable law and concludes that reversible error is not presented.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

REFORMATION OF JUDGMENT

In conducting our review of this case, it has come to our attention that the judgment does not fully reflect the judgment of the trial court. In that regard, this court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

Here, the indictment reflects that the offense was committed in, on, or within 1,000 feet of a school.  The record indicates the drug-free zone punishment enhancement was not waived in exchange for Appellant's open plea of guilty and the trial court announced that Appellant was "guilty as charged in the indictment."  Consequently, we reform the summary portion of the judgment under "<u>Offense for which Defendant Convicted</u>" to show POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER IN A DRUG-FREE ZONE, TO-WIT: METHAMPHETAMINE.

CONCLUSION

Accordingly, the trial court's judgment is reformed to include "drug-free zone" as part of the offense for which Appellant was convicted.  As reformed, the judgment is affirmed and counsel's motion to withdraw is granted.


Patrick A. Pirtle
Justice


Do not publish.

5